514 So.2d 1095 (1987)
Anthony BERTOLOTTI, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 71286.
Supreme Court of Florida.
October 30, 1987.
*1096 Larry Helm Spalding, Capital Collateral Representative, Mark Evan Olive, Chief Asst. and Nicholas Trenticosta, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Anthony Bertolotti, a prisoner under sentence of death and execution warrant, petitions this Court for a writ of habeas corpus, based on claims of ineffective assistance of appellate counsel. He also requests a stay of his execution which is set for November 16, 1987. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Finding no merit to the claims raised, we deny the petition and the requested stay.
This Court affirmed Bertolotti's conviction of first-degree murder and sentence of death in Bertolotti v. State, 476 So.2d 130 (Fla. 1985). The facts surrounding the murder for which Bertolotti stands convicted and the issues raised on direct appeal are set forth in that opinion and need not be recounted here.
In this petition, Bertolotti raises two claims of ineffectiveness of appellate counsel. Bertolotti's first claim is that counsel was "per se" ineffective for arguing to this court during oral argument that her client was guilty of sexual battery despite the fact that the trial court found, in his sentencing order, that sexual battery had not been proven beyond a reasonable doubt. We find this claim to be totally without merit. When placed in context, it is apparent that the portion of appellate counsel's oral argument upon which this claim is based was an attempt by counsel to point out Bertolotti's "sexual problems" as a mitigating factor justifying a life sentence. Under the circumstances, it cannot be said that counsel was deficient in her performance for taking such a position during oral argument. Further, Bertolotti has not even attempted to show how this tactical decision prejudiced his appeal.
We also find no merit to Bertolotti's second claim that appellate counsel was ineffective for failing to challenge the verdict as void because 1) there is no way of knowing whether it was based on a constitutionally permissible ground, and 2) there is no way of determining whether there was juror unanimity. The jury in this case was instructed on premeditated murder and felony murder based on robbery, sexual battery, and burglary. A general verdict was received. Bertolotti's second claim hinges on the fact that, in his sentencing order, the trial judge specifically found that the state had failed to prove sexual battery and burglary beyond a reasonable doubt and therefore, neither could serve as an additional bases for finding the aggravating circumstance that the murder was committed during the commission of a felony under section 921.141(5)(d), Florida Statutes. He maintains that counsel should have argued on appeal that the general verdict was void under Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931) (verdict which might be based on unconstitutional ground cannot stand, even if there are alternative theories to support the verdict) because it might have been based on felony murder with either sexual battery or burglary as the underlying felony. We agree with the state that this issue was not properly preserved for appellate consideration. In order to preserve an issue for appellate review, the specific legal argument or ground upon which it is based must be presented to the trial court. Tillman v. State, 471 So.2d 32 (Fla. 1985). Although trial counsel challenged the jury instruction on felony murder, this challenge was based on the fact that felony murder was not specifically charged in the indictment. It is clear from the record that Petitioner's "Stromberg" argument was never presented to the trial court. At no time during trial or in a motion for new trial was the adequacy of the evidence to support a felony murder *1097 conviction based on sexual battery or burglary specifically challenged. Further, trial counsel made no request for a special verdict, nor did he object to the use of the general verdict form. Appellate counsel's failure to raise an issue which was not preserved for appellate review and which does not present a fundamental error does not amount to a serious deficiency in performance. See Davis v. Wainwright, 498 So.2d 857 (Fla. 1986), cert. denied, ___ U.S. ___, 108 S.Ct. 208, 98 L.Ed.2d 159 (1987); Pope v. Wainwright, 496 So.2d 798 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984).
Accordingly, since the petitioner has failed to show deficient performance by appellate counsel which prejudiced his appeal, as required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), both the petition for writ of habeas corpus and the requested stay of execution are denied.
No petition for rehearing will be entertained.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.