559 So.2d 641 (1990)
Joseph TRODY, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-93.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Rehearing Denied May 9, 1990.
Bennett H. Brummer, Public Defender, and Christine S. Dahl, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Joseph Trody, appeals his conviction and sentence for nineteen counts of burglary and twenty counts of grand theft. Appellant pled nolo contendere to the counts, reserving his right to appeal the denial of his motion to suppress. We reverse.
On May 25, 1988, appellant was arrested and charged with two counts of burglary and two counts of grand theft after pawning items taken during two separate burglaries. At the time of his arrest, appellant indicated to detectives that he was willing to talk to them about other burglaries he had committed. Apparently, the detectives did not avail themselves of the appellant's offer to talk.
On May 26, 1988, appellant was appointed counsel and signed an invocation of his right to counsel. Later that day, appellant was charged with two more burglaries. These new charges resulted from a comparison of appellant's fingerprints to those found at the scene of other burglaries.
The next day, on May 27, 1988, appellant appeared before the court for a bond hearing on the new charges. Appellant was again appointed counsel and invoked his right to counsel.
On May 31, 1988, the detectives initiated contact with appellant in jail, and charged him with two additional charges of burglary and grand theft. At that time, appellant signed a waiver of his constitutional rights and told detectives that he had committed other burglaries. The detectives, however, again chose not to talk to appellant.
On June 1, 1988, appellant appeared before the court on the May 31, 1988 charges. Appellant again invoked his written right to an attorney at this appearance.
On June 2, 1988, in spite of appellant's three written invocations of his right to an attorney and his being represented by *642 counsel, the detectives again initiated contact with appellant in jail. Appellant signed a waiver of his constitutional rights and the detectives interrogated him. Appellant told detectives about other burglaries he had committed. The detectives then drove appellant around the city so that appellant could point out the locations of these other burglaries.
As a result of the information he gave the detectives, appellant was charged with, and convicted of, nineteen additional counts of burglary and twenty additional counts of grand theft. It is these additional thirty-nine convictions and sentences that appellant appeals.
Appellant asserts that the court should have suppressed the evidence regarding the thirty-nine additional charges because the evidence was obtained from him after his invocation of his right to counsel. The State contends that appellant's waivers, signed after the invocation of the right to counsel, amount to a voluntary waiver of the right to counsel. We agree with appellant.
In Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the United States Supreme Court set a brightline standard for police contact with a defendant after the defendant has invoked his right to counsel.
[A]n accused, ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.
Edwards v. Arizona, 451 U.S. at 484-485, 101 S.Ct. at 1884-1885. The bright-line rule in Edwards is not only applicable where the invocation of the right to counsel is made directly to police, but also where the right is invoked during a judicial proceeding. In Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), the United States Supreme Court held:
[I]f police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid.
Michigan v. Jackson, 475 U.S. at 636, 106 S.Ct. at 1411.
In Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), the Supreme Court addressed waivers signed after the invocation of the right to counsel. The Supreme Court held that where the waiver is done "at the authorities behest, and not at the suspect's own instigation," such a waiver is not purely voluntary. Arizona v. Roberson, 108 S.Ct. at 2097.
The record shows that appellant neither telephoned the detectives nor in any way contacted them. Rather, the detectives initiated each contact with appellant while appellant was being held in jail. Further, it was not necessary for the detectives to have contact with appellant in order to charge him with the additional cases. The arrest forms could have routinely been left at the jail without the detectives' direct contact with appellant.
Accordingly, we reverse appellant's convictions and sentences in case numbers 88-17832, 88-17833, 88-19144, 88-19145, 88-19147, 88-19148, 88-19149, 88-19150, 88-19151, 88-19152, 88-19153, 88-19154, 88-19155, 88-19157, 88-19160, 88-19161, 88-19162, and 88-19163.[1]
Reversed.
NOTES
[1] Appellant does not appeal, and we do not address, his convictions and sentences on case numbers 88-17834, 88-17703, 88-17195, 88-17174, 88-17049, and 88-17050.