573 So.2d 415 (1991)
Roosevelt WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1832.
District Court of Appeal of Florida, Fifth District.
January 24, 1991.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant was in custody as to another matter in the Seminole County jail when he was approached and questioned by the police during a murder investigation. As a result of the police-initiated interrogation the defendant, without his counsel being present, confessed to the murder. When the defendant was charged with murder and moved to suppress his statements, at the hearing before the trial court, the focus of attention was on whether, and when  before or after his statements  Miranda warnings were given, whether the defendant waived counsel and whether the statement was the result of unlawful inducements, promises or coercion. The trial court found the essential factual issues against the defendant's contention and denied the motion to suppress. The defendant pled nolo contendere, reserving his right to appeal the suppression ruling and now appeals.
It is often stated that in order to preserve an issue for appellate review, the specific legal argument or ground on which it is based must be presented to the trial court.[1] However, it is often not that simple. Sometimes issues present errors of fundamental magnitude which can be raised at any time. Sometimes the law becomes more clear between the trial court decision and the appellate review. At other times the essential legal issue has multiple inherent aspects or facets and before the trial judge, counsel focused on one aspect of the issue and before the appellate court some other aspect of the issue is emphasized.
The legal issue here is whether the defendant's statement is admissible in evidence in the murder case against him. The *416 focus of legal argument is largely controlled by counsel, but judges have some responsibility to see that the case is decided on the correct issue or issues. The trial judge below carefully and conscientiously considered and based his ruling on the sub issues presented to him and there emphasized by trial counsel. Alas, the case is presented on appeal by different counsel with a different emphasis and in the light of case law that came into existence after the trial court ruling that is being appealed.[2]
However, the issue on appeal was brought into focus, and was fairly well stated, in the argument of the state attorney before the trial court as follows:
The first issue ... is can law enforcement officers go to the jail and interview somebody who is in jail on one charge and represented by an attorney on that charge [emphasis added] and who is not under arrest for another charge and do as these officers did?
Based on Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) and in view of Minnick v. Mississippi, ___ U.S. ___, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990),[3] the answer to the question posed by the state attorney is, "No."[4]
Except to hold they control this case, it serves little purpose to analyze or discuss those three cases in this opinion.
Stated in a positive theoretical and abstract form based on the above cited cases but as limited to the facts in this case, the legal principle controlling in this case is:
When a defendant is in confinement[5] on one charge as to which he is represented by appointed or retained counsel, and law enforcement officers initiate an interrogation as to some other offense and, in the absence of defense counsel, obtain an incriminating statement from the defendant relating to the second offense, even if Miranda warnings are properly given and the defendant "waives" the presence of his counsel, that statement is inadmissible in evidence against the defendant in a subsequent criminal trial.
Apparently a law enforcement officer may approach a citizen who has never had retained counsel or appointed counsel as to a criminal charge and give him Miranda warnings and the citizen may expressly or impliedly waive the presence of counsel and voluntarily make an incriminating statement which may later be used against him in a criminal case. However, now, under the above cited federal case law, after a citizen has retained or appointed counsel in connection with one criminal charge, that citizen has an extra mantle, cloak or umbrella of protection from self-incrimination resulting from interrogation initiated by law enforcement officers which bars the admissibility of incriminating statements taken in the absence of defense counsel. The exact breadth and depth and scope of that protective mantle is not exactly clear but according to the view of the justices dissenting in Minnick, it exists in perpetuity. Normally counsel is retained either until the trial proceeding is completed or the criminal conviction becomes final after appellate review is completed. However, there is nothing to prevent a convict from being represented by retained counsel in connection with post conviction proceedings and during the entire term of any confinement or supervision resulting from conviction of crime and thereafter for the rest of the convict's life and, apparently, he would always have this new second level of protection from self-incrimination resulting *417 from police interrogation. However interesting, perplexing or distressing these propositions are to law enforcement officers, citizens and state court judges, they are far beyond the reach or control of an intermediate state appellate court because they are based on interpretations of federal constitutional provisions by the United States Supreme Court. State judges are firmly bound by oath to follow federal law as interpreted by the highest federal court.
The order denying the suppression motion is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
COWART, J., and ANTOON, J., II, Associate Judge, concur.
GRIFFIN, J., concurs in result only without opinion.
NOTES
[1] See, e.g., Tillman v. State, 471 So.2d 32 (Fla. 1985); Bertolotti v. Dugger, 514 So.2d 1095 (Fla. 1987).
[2] This case well illustrates why neither the media, the bar nor the public should grade or score trial judges on the basis of whether or not their decisions are reversed on appeal.
[3] See also, Trody v. State, 559 So.2d 641 (Fla. 3d DCA 1990).
[4] Technically the answer is yes, the police officers can do what they did but no resulting inculpatory statement obtained from the defendant, nor the fruits thereof, can be used against the defendant in a criminal trial.
[5] In this case and in the cases cited as controlling the defendant was in custody on another criminal charge but the rationale of the cited cases would not appear to be strictly limited to custodial interrogation.