596 So.2d 523 (1992)
STATE of Florida, Appellant,
v.
Peter William LINTS, Appellee.
No. 91-910.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and James T. Cook, Asst. Public Defender, Daytona Beach, for appellee.
GOSHORN, Chief Judge.
The State of Florida appeals from the trial court's order granting a motion to suppress statements and admissions made by Peter Lints. We reverse.
As part of an investigation of a burglary which occurred in Seminole County, the police interrogated Lints while he was in custody in the Volusia County Jail on unrelated charges. Before beginning the interrogation, the police advised Lints of his Miranda[1] rights, which he waived in writing. Lints agreed to speak to the police without an attorney present and then confessed to the burglary in Seminole County.
Prior to this interrogation, Lints had appeared in court on unrelated charges and had asserted his Sixth Amendment right to counsel on the unrelated charges.[2] The attorney who represented Lints on the unrelated charges was not present at the subsequent interrogation concerning the Seminole County burglary. Following this interrogation, the State charged Lints with the Seminole County burglary.
Lints moved to suppress his confession to the Seminole County burglary. The trial judge relied on Minnick v. Mississippi, 498 U.S. ___, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990) and granted Lints's motion. However, the United States Supreme Court has since issued its decision in McNeil v. Wisconsin, 501 U.S. ___, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), which requires a contrary result. In McNeil, the Court held that under the United States Constitution a defendant's Sixth Amendment right to counsel is offense-specific and that an invocation of the Sixth Amendment right to counsel does not constitute an invocation of the Miranda right to counsel derived from the Fifth Amendment right against compelled *524 self-incrimination. Id. 111 S.Ct. at 2207-11. Furthermore, the Florida Supreme Court has recently determined that under Article I, Section 16 of the Florida Constitution, "the right to counsel is charge-specific and invocation of the right on one offense imposes no restrictions on police inquiry into other charges for which the right has not been invoked." Traylor v. State, 17 F.L.W. 42, 46 ___ So.2d ___ (Fla. Jan. 16, 1992) (footnote omitted) (comparing Florida's independent right to counsel with the Sixth Amendment right to counsel).
We are aware of our previous opinion in Walker v. State, 573 So.2d 415 (Fla. 5th DCA 1991), review denied, 595 So.2d 558 (1992), however, we find that McNeil and Traylor control the result in the instant case. Accordingly, we reverse the order granting Lints's motion to suppress his confession and remand the cause for further proceedings. See Trody v. State, 559 So.2d 641 (Fla. 3d DCA), review denied, 576 So.2d 291 (Fla. 1990), vacated, ___ U.S. ___, 111 S.Ct. 2845, 115 L.Ed.2d 1013 (1991), appeal after remand, 586 So.2d 440 (Fla. 3d DCA 1991).
REVERSED and REMANDED.
COWART and PETERSON, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] At the hearing on his motion to suppress, Lints testified:

Q. And at that time did you request that the Judge appoint Counsel in connection with the matter that you had just been arrested on, if you ... half a day before?
A. Yes, I did.