COWART, Judge.
We affirm on the authority of McNeil v. Wisconsin, — U.S.-, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); Traylor v. State, 596 So.2d 957 (Fla.1992); Owen v. State, 596 So.2d 985 (Fla.1992); and State v. Lints, 596 So.2d 528 (Fla. 5th DCA1992).[1]
We further hold that the crime of culpable negligence, a misdemeanor under section 784.05(2), Florida Statutes, is not a necessarily lesser included offense of the *1307 offense of possessing a destructive device resulting in bodily injury as defined in section 790.161, Florida Statutes, and that under the allegations in the charging document the misdemeanor culpable negligence offense was not a permissive lesser included offense of the destructive device offense as alleged, although the facts in this particular case would have supported the giving of a verdict alternative jury instruction, and would have supported a conviction, if obtained, of culpable negligence, as a lesser included offense of the destructive device offense had the information charging the destructive device offense contained adequate allegations relating to culpable negligence as to satisfy due process and other legal requirements relating to criminal charges. See State v. Johnson, 601 So.2d 219 (Fla.1992); Brown v. State, 206 So.2d 377 (Fla.1968).
We find the other issues raised by the defendant to be without merit and do not require discussion.
AFFIRMED.
PETERSON, J., concurs.
DAUKSCH, J., concurs in conclusion only.

. We note that this court’s decision in Walker v. State, 573 So.2d 415 (Fla. 5th DCA1991), rev. denied, 595 So.2d 558 (Fla.1992), vacated and remanded, — U.S. -, 112 S.Ct. 1927, 118 L.Ed.2d 535 (1992), relied upon by the defendant, has recently been remanded to this court for reconsideration in light of McNeil v. Wisconsin.