652 So.2d 373 (1995)
Gregory Scott LAYMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81173.
Supreme Court of Florida.
March 23, 1995.
*374 James Marion Moorman, Public Defender and Steven L. Bolotin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty on Gregory Scott Layman. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Greg Layman's girlfriend, Sharon DePaula, broke off their relationship in April 1991. The next month, Layman battered her and vandalized cars belonging to her and her friend. On the night of July 24, 1991, Layman laid in wait outside Sharon's home and surprised her when she returned from work. He shot her twice with a sawed-off shotgun, killing her.
Layman confessed to the crime on several occasions and said that he wanted to die for his crime. He was tried and convicted of first-degree murder. The State announced prior to sentencing that it would not seek the death penalty because there was only one aggravating factor and because of the wishes of the victim's family. Layman objected, insisting that he wanted death. The judge ordered a competency hearing and the expert found Layman competent to proceed.
The State put on no evidence during the penalty phase. Layman, representing himself, then addressed the jury and said that he wanted to die for several reasons: He had a history of committing violence against Sharon; the murder was cold, calculated and premeditated; and he still loved Sharon deeply and wanted to be with her in the afterlife. The jury voted ten to two for death, and the court imposed the death penalty, finding one aggravating circumstance and two possible mitigating circumstances.[1] Layman raises twelve issues on appeal.[2]
Layman first claims that the court erred in failing to give limiting instructions on evidence of collateral crimes introduced by the State. Although a limiting instruction is required under section 90.404(2), Florida Statutes (1991), for "similar fact evidence,"[3] none is required under section 90.402 for "relevant" evidence.[4] The evidence here consisted *375 of testimony concerning Layman's battery of Sharon and vandalism of her car, and we conclude that this was not similar fact evidence but rather was integrally connected to the murder. Layman told police that while he was in jail for battery and vandalism he plotted various ways to kill Sharon. The testimony was relevant to show motive and premeditation. See Padilla v. State, 618 So.2d 165, 169 (Fla. 1993). We find no error.
On the night before Sharon was killed, Sharon's boyfriend, John Hunt, was driving her home when they encountered another car on the road. The prosecutor questioned Hunt at trial:
Q. And the white late model car, when you saw that, did Ms. Depaula say anything to you?
A. Yes. She was in fear.
Q. And did she say anything?
A. She said, oh my God.
Q. And what did she do? ...
... .
A. She started crying.
Layman claims that Hunt's statements were inadmissible hearsay. We disagree. The "oh my God" statement was admissible under the excited utterance exception to the hearsay rule. See § 90.803(2), Fla. Stat. (1991). That the victim was in fear and started crying were observations of physical demeanor and not hearsay comments. We find no error.
The following issue is dispositive of Layman's penalty phase claims. The legislature has established a procedure for imposing death: The court must (1) determine whether aggravating and mitigating circumstances are present, (2) weigh these circumstances, and (3) issue written findings.
[921.141] (3) FINDINGS IN SUPPORT OF SENTENCE OF DEATH.  Notwithstanding the recommendation of a majority of the jury, the court, after weighing the aggravating and mitigating circumstances, shall enter a sentence of life imprisonment or death, but if the court imposes a sentence of death, it shall set forth in writing its findings upon which the sentence of death is based as to the facts:
(a) That sufficient aggravating circumstances exist as enumerated in subsection (5), and
(b) That there are insufficient mitigating circumstances to outweigh the aggravating circumstances.
In each case in which the court imposes the death sentence, the determination of the court shall be supported by specific written findings of fact based upon the circumstances in subsections (5) and (6) and upon the records of the trial and the sentencing proceedings. If the court does not make the findings requiring the death sentence, the court shall impose sentence of life imprisonment in accordance with s. 775.082.
§ 921.141, Fla. Stat. (1991).
Pursuant to these statutory requirements, "all written orders imposing a death sentence [must] be prepared prior to the oral pronouncement of sentence for filing concurrent with the pronouncement." Grossman v. State, 525 So.2d 833, 841 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Further, "[s]hould a trial court fail to provide timely written findings in a sentencing proceeding taking place after our decision in Grossman, we are compelled to remand for imposition of a life sentence." Stewart v. State, 549 So.2d 171, 176 (Fla. 1989), cert. denied, 497 U.S. 1031, 110 S.Ct. 3294, 111 L.Ed.2d 802 (1990).
In the present case, immediately after the jury gave its recommendation of death, the trial judge asked Layman "by what authority do you have playing God with this woman's life like that?" The judge then orally imposed the death penalty without holding a recess or clearly discussing aggravating or mitigating circumstances. When the prosecutor asked the judge if he was going to reduce his reasons to writing, the judge told the prosecutor, "You prepare the order." The prosecutor told the judge that state law forbade this, and the judge then issued a written order several hours later.
The trial court's actions were a clear violation of Florida law for several reasons. First, the court failed to make specific findings concerning aggravating and mitigating *376 circumstances prior to pronouncing sentence. See Grossman; § 921.141(3), Fla. Stat. (1991). Second, the court failed to weigh aggravating and mitigating circumstances prior to pronouncing sentence. See § 921.141(3), Fla. Stat. (1991). Third, the court failed to file its written order contemporaneously with pronouncing sentence. See Grossman. Finally, in asking the prosecutor to prepare the written sentence imposing death, the court evidenced a willingness to abdicate a key judicial function in the proceeding. See Patterson v. State, 513 So.2d 1257 (Fla. 1987).[5]
Based on the foregoing we affirm the first-degree murder conviction. We vacate the death sentence and remand for imposition of a life sentence without possibility of parole for twenty-five years, as initially proposed by the State on its own initiative.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion.
WELLS, Justice, concurring in part and dissenting in part.
I concur in the majority's decision as to guilt, and I dissent from the decision to vacate the death sentence and remand for a life sentence. I again dissent to the application of a court-imposed rule which in my judgment frustrates rather than facilitates justice.
I recognize that the majority opinion is in accord with and mandated by this Court's earlier decisions in Stewart v. State, 549 So.2d 171 (Fla. 1989), cert. denied, 497 U.S. 1031, 110 S.Ct. 3294, 111 L.Ed.2d 802 (1990), and Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). The rule was succinctly written in the Stewart case:
Prior to, or contemporaneously with, orally pronouncing a death sentence, courts now are required to prepare a written order which must be filed concurrent with the pronouncement. Grossman, 525 So.2d at 841. Should a trial court fail to provide timely written findings in a sentencing proceeding taking place after our decision in Grossman, we are compelled to remand for imposition of a life sentence.
Stewart, 549 So.2d at 176. The message could not be more direct, and the line could not be brighter. The goal of the rule is clearly laudable. However, I do not find the rule as to when the written findings are to be prepared or filed mandated by section 921.141, Florida Statutes (1991). The statute requires only that specific written findings be made. There is no command that death sentences be reduced to life imprisonment if the written findings are not prepared or filed at a certain time.
The sanction of the reduction of the death sentence to life imprisonment for failure to timely prepare and file the written findings is a sanction for violation of a rule imposed by this Court. It is my judgment that here this sanction brings about a plainly wrong decision. Layman confessed to the murder of Sharon DePaula. Layman was found to be competent to proceed into the penalty phase of the trial. Layman insisted upon representing himself, he addressed the jury, and he told them that he should receive the death penalty. The jury voted ten to two for death, and the trial judge imposed the death sentence. The death sentence here is supported by the evidence and should be affirmed. Yet, the sanction mandated by the cited cases commands that the death sentence not be imposed, but vacated, because of a mistake by the trial judge in failing to follow the court-imposed rule and pronouncing the sentence before he had written the sentencing order.
The majority's decision in this case causes me to conclude that even though this rule is direct as to its point and laudable in its goal, the decisions which set forth the rule are misdirected as to the sanction. The public interest of having this case adjudicated on its merits in accord with the Florida capital *377 punishment law should not be the victim of the trial judge's failure to adhere to this court rule where, as here, the error does no substantive harm. Nor should this defendant be the undeserving beneficiary of the trial court's procedural error. If the failure by a trial judge to follow a rule imposed by this Court is to be sanctioned, we must find a sanction which does not frustrate a just decision in a particular case. Sanctions such as the one imposed by these cases have too heavy a price in the public's loss of confidence in the judicial system. I would recede from this sanction. I would hold that the trial judge's errors in failing to hold the recess and in failing to prepare and file the written sentencing order prior to pronouncing sentence were harmless beyond a reasonable doubt. I would affirm the sentence of death.
NOTES
[1] The court found as an aggravating circumstance that the murder was committed in a cold, calculated, and premeditated (CCP) fashion.

The court noted that the jury may have considered as mitigating circumstances that the defendant "was deeply in love with the victim," and that he believed "that he would join the victim in another life in the future."
[2] Layman claims that the trial court erred on the following matters: 1) in failing to give a limiting instruction on collateral crimes evidence; 2) in permitting the State to introduce hearsay evidence; 3) in failing to supply contemporaneous written reasons in support of the death penalty; 4) in failing to consider and weigh all the mitigating evidence; 5) in failing to make clear findings concerning the mitigating evidence; 6) in failing to require defense counsel to state on the record the mitigating evidence; 7) in allowing the State to participate in State-assisted suicide; 8) in failing to renew the offer of counsel before sentencing; 9) in finding CCP present; 10) in considering lack of remorse in sentencing; 11) in imposing a disproportionate sentence; and 12) in giving a faulty CCP instruction.
[3] Section 90.404(2), Florida Statutes (1991), provides in relevant part:

(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
... .
[b] (2) When the evidence is admitted, the court shall, if requested, charge the jury on the limited purpose for which the evidence is received and is to be considered. After the close of the evidence, the jury shall be instructed on the limited purpose for which the evidence was received and that the defendant cannot be convicted for a charge not included in the indictment or information.
§ 90.404(2), Fla. Stat. (1991).
[4] Section 90.402, Florida Statutes (1991), provides:

90.402 Admissibility of relevant evidence.  All relevant evidence is admissible, except as provided by law.
[5] Layman's claim that the trial court erred in failing to hold a recess prior to pronouncing sentence of death is without merit. This requirement in Spencer v. State, 615 So.2d 688 (Fla. 1993), is prospective only. See Armstrong v. State, 642 So.2d 730 (Fla. 1994).