692 So.2d 264 (1997)
Anthony Joseph FERREIRA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1978.
District Court of Appeal of Florida, Fifth District.
April 25, 1997.
*265 J. Peyton Quarles, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
The appellant was convicted of first degree murder[1] and attempted armed robbery with a deadly weapon.[2] He raises two arguments on appeal.
First, he argues the court erred in reading the standard jury instruction on reasonable doubt. The instruction submitted by the state was the standard jury instruction with no changes. He argues the court should have given the special jury instruction on reasonable doubt that his attorney authored. The Florida Supreme Court has repeatedly held that the standard jury instruction adequately defines reasonable doubt. Fla. Std. Jury Instr. (Crim.) 2.03 [p 23]; Brown v. State, 565 So.2d 304, 307 (Fla.), cert. denied, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990); Kearse v. State, 662 So.2d 677, 681 (Fla.1995)("[T]his court has previously considered and rejected similar constitutional challenges directed at the reasonable doubt instruction."); Esty v. State, 642 So.2d 1074, 1080 (Fla.1994) (taken as a whole, standard jury instructions' use of the words "possible doubt, a speculative, imaginary or forced doubt," correctly conveyed concept of reasonable doubt to jury.), cert. denied, 514 U.S. 1027, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995). The trial court made no error in this regard.
The second issue raised on appeal is whether the trial court erred in allowing the detective to testify that an eye-witness picked the appellant out of a photographic lineup approximately one week after the victim was stabbed to death. The appellant argues that the identification procedure was not sufficiently close in time to the crime to justify its use under section 90.801(2)(c), Florida Statutes (1995). We reject appellant's argument for several reasons. Procedurally, this issue was not preserved for appeal because the appellant did not object at trial based on the ground he now raises. Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla.1987); Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); Doherty v. State, 640 So.2d 1220 (Fla. 5th DCA 1994).
Even if the issue were preserved for appeal, the pretrial identification was sufficiently close in time to the crime to be considered reliable. Although appellant argues an identification one week after the crime was unreliable, he overlooks cases which have held longer periods of time to be sufficiently reliable. See Macias v. State, 673 So.2d 176,181 (Fla. 4th DCA) (holding that thirty-two days between crime and voice identification was not unreasonably long, and was "an extremely strong basis for independent reliability...."), rev. denied, 680 So.2d 423 (Fla.1996). See also, U.S. v. Barron, 575 F.2d 752, 755 (9th Cir.1978) (two month time lapse did not indicate identification was unreliable); Cikora v. Wainwright, 661 F.Supp. 813, 822 (S.D.Fla.1987) (one month time lapse did not undermine reliability of identification), affirmed, 840 F.2d 893 (11th Cir.1988). The time period between the crime and the identification was neither unduly lengthy nor did it undermine the reliability of the identification.
The eyewitness also testified and identified the appellant in court. Additionally, the appellant's blood-stained clothing contained DNA matching the victim's blood. Because this evidence was introduced without *266 objection, any error in admitting the pretrial identification was, at most, harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
JUDGMENT and SENTENCE AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 782.04(1)(a)2, Fla.Stat. (1995).
[2] §§ 777.01(1), 812.13(2)(a), Fla.Stat. (1995).