PETERSON, J.
David Michael Cunningham appeals his conviction for felony DUI. § 316.193(2)(b), Fla. Stat. (1997). We affirm.
One of the points raised by the appellant does merit discussion. The trial court instructed the jury that they could convict appellant if they found either that Cunningham’s normal faculties were impaired by alcohol or if he had a blood alcohol level (BAL) of .08 percent or higher. Subsequent to his stop for suspicion of a DUI offense, Cunningham refused to take a “Breathalyzer test,” thereby preventing testing of his BAL. At trial, the defense argued that it did not make sense to have the jury consider whether the appellant violated the DUI statute by having an unlawful BAL. Ultimately, however, the defense conceded that the state was entitled to an instruction on BAL. Otherwise, the evidence presented by the state, that the appellant refused to take the BAL test, would lose its contextual meaning.
We conclude that under the circumstances of the case, the trial court reasonably determined that the jury had to *1201 be informed that one could be convicted of DUI with a BAL of .08 or higher, in order to comprehend the significance of the refusal to take a test measuring that level. It would have been preferable for the trial judge to have then explained that because no evidence of BAL was presented in this case the jury should base its determination of whether appellant violated the DUI law solely on the first factor, to wit: whether the state sufficiently showed that the appellant, while driving, was under the influence of alcohol to the extent that his normal faculties were impaired.- With this supplementary instruction, the jury would have been informed of the significance of BAL results and the state still could have made the argument that appellant’s refusal to take a BAL test evidenced a consciousness of guilt. Herring v. State, 501 So.2d 19 (Fla. 3d DCA 1986) (evidence of defendant’s refusal to take a blood alcohol test is admissible where the defendant had substantial motivation to not behave as he did). The defense, however, did not offer this additional instruction or any alternative. Since objection to the jury instructions was not made this issue has not been preserved for appeal. See Bertolotti v. Dugger, 514 So.2d 1095 (Fla.1987).
AFFIRMED.
COBB and GRIFFIN, JJ., concur.