828 So.2d 985 (2002)
Mark James ASAY, Petitioner,
v.
Michael W. MOORE, Respondent.
No. SC01-2371.
Supreme Court of Florida.
June 13, 2002.
Rehearing Denied October 4, 2002.
*987 Michael P. Reiter, Capital Collateral Regional CounselNorthern Region, and Heidi E. Brewer, Assistant Capital Collateral Regional CounselNorthern Region, Tallahassee, Fl, for Petitioner.
Robert A. Butterworth, Attorney General, and Curtis M. French, Assistant Attorney General, Tallahassee, Fl, for Respondent.
PER CURIAM.
Mark James Asay petitions this Court for writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the reasons that follow we deny habeas relief.

BACKGROUND
Asay was convicted and sentenced to death for the July 17, 1987, murders of Robert Lee Booker and Robert McDowell. See Asay v. State, 580 So.2d 610 (Fla. 1991). The facts of this crime are provided in detail in the case on direct appeal. See id. at 610-12.
The jury found Asay guilty of the murders of both Booker and McDowell and recommended sentences of death for both murders. See id. at 612. After concluding that the aggravating circumstances surrounding the crime[1] outweighed the mitigating circumstances,[2] the trial court imposed the death penalty for each of the murder convictions. See id. We affirmed the convictions and sentences on direct appeal. See id. at 614.[3]
Asay filed his first motion for postconviction relief in the trial court on March 16, 1993. On November 24, 1993, Asay filed an amended motion raising twenty *988 claims.[4] In addition, on March 30, 1993, Asay filed a motion to disqualify the trial judge from presiding over the postconviction proceedings, primarily on the basis of comments that the judge made during Asay's 1988 trial. See Asay v. State, 769 So.2d 974, 978 (Fla.2000). The trial judge denied the motion to disqualify. See id. After holding a Huff[5] hearing, the trial court summarily denied many of Asay's claims,[6] but the court held an evidentiary hearing regarding Asay's ineffective assistance of trial counsel claims. See id. Following the evidentiary hearing, the trial court denied relief on these claims as well. See id. On appeal of the trial court's denial of Asay's 3.850 motion, Asay raised six issues and various subclaims. See id. *989 at 978-89.[7] This Court denied all claims and affirmed the trial court's denial of postconviction relief. See id. at 989.
Asay now files this petition for writ of habeas corpus, raising multiple issues.[8]

ABSENCE FROM PROCEEDINGS
Asay first argues, relying on Francis v. State, 413 So.2d 1175 (Fla.1982), that appellate counsel was ineffective for failing to raise on appeal Asay's right to be present during critical stages of the jury selection. Asay's specific claim is that his trial counsel did not confer with him before the final acceptance of the jury panel.[9]
We have held that "[c]riminal defendants have a due process right to be physically present in all critical stages of trial, including the examination of prospective jurors." Muhammad v. State, 782 So.2d 343, 351 (Fla.2001). However, we find no merit in the assertion that appellate counsel was deficient in failing to raise an alleged violation of Asay's right to be present during jury selection as an issue on appeal.
First, unlike the defendant in Francis, Asay was present in the courtroom for the entire process of jury selection. Further, the record in this case affirmatively indicates that trial counsel consulted with Asay immediately before and during the first bench conference. Although the record in this case does not affirmatively reflect *990 whether counsel conferred with Asay during the second set of challenges, there is no indication from the record that Asay was "prevented or limited in any way from consulting with his counsel concerning the exercise of juror challenges." Gibson v. State, 661 So.2d 288, 291 (Fla.1995). Accordingly, Asay's first claim of a constitutional violation during jury selection lacks merit, and appellate counsel cannot be deemed ineffective for failing to raise nonmeritorious claims on appeal. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla. 2000).

CONSTITUTIONALITY OF DEATH SENTENCE
Asay's second issue encompasses a variety of subclaims relating to the trial court's alleged refusal to allow Asay to present mitigating evidence and failure to consider mitigation established by the evidence. We address each of the subclaims in turn. First, Asay claims that he was denied the opportunity to present mitigation witnesses when the trial court denied Asay's pro se motion to continue the penalty phase for a week to obtain additional mitigation. This Court summarily rejected the same argument on direct appeal. See Asay, 580 So.2d at 612 n. 1. Subsequently, this Court affirmed the trial court's summary denial of this claim in Asay's 3.850 motion, stating "it is inappropriate to use a different argument to relitigate the same issue." Asay, 769 So.2d at 989. Because this issue was actually raised on appeal, this claim is procedurally barred. See Downs v. Moore, 801 So.2d 906, 909 (Fla.2001).
Asay next argues that the trial court incorrectly stated the definition of mitigation when it said during voir dire: "[M]itigating factors mean factors that mitigate the seriousness of it, or counts as some sort of excuse or justification for the act." (Emphasis supplied.) Because no objection was raised at trial, appellate counsel may be deemed ineffective for failing to raise the claim only if the trial court's erroneous definition was fundamental error. See Bertolotti v. Dugger, 514 So.2d 1095, 1097 (Fla.1987). Here, the trial court's statement during voir dire does not amount to fundamental error. We agree that mitigation evidence is not limited to evidence that provides justification or excuse for the act. See Eddings v. Oklahoma, 455 U.S. 104, 113, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Assuming this comment could be construed to limit the type of mitigation evidence that the jury should consider, this comment was isolated and was not repeated. No error is asserted in the trial court's instructions to the jury before deliberations. See Franqui v. State, 804 So.2d 1185, 1193 (Fla.2001) (holding that although the trial court's comment during voir dire that the law required jurors to recommend a death sentence if the aggravating circumstances outweighed the mitigating circumstances was a misstatement of the law, the defendant was not prejudiced because the trial court did not repeat the misstatement of law when instructing the jury prior to its deliberations). Accordingly, we conclude that any misstatement in voir dire did not amount to fundamental error, and thus, appellate counsel cannot be deemed ineffective for failing to raise this issue on appeal. See Bertolotti, 514 So.2d at 1097.
Asay further argues that the trial court limited Asay from presenting evidence regarding the effect that intoxication may have had on the victims. This claim is insufficiently pled as Asay fails to phrase the argument as ineffective assistance of appellate counsel. See Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000) ("The defendant has the burden of alleging a specific, serious omission or overt act upon *991 which the claim of ineffective assistance of counsel can be based."). To the extent Asay seeks a second appeal on the merits, the claim is procedurally barred. See id. at 1070.
Asay next argues that appellate counsel was ineffective for failing to raise the trial court's alleged error in refusing to consider mitigation evidence presented to the trial court after the jury gave its sentencing recommendation. The record reveals that during discussions regarding a date for sentencing, the trial court stated that it would not consider any additional matters regarding sentencing. Subsequently, at the sentencing hearing, after hearing argument from the defense and testimony from Asay's mother, the trial court immediately, without recess, sentenced Asay to death. No objection was raised to this procedure. Asay asserts that the trial court's previous statements that it would not consider any additional matters, and the trial court's action of immediately rendering its decision after the defense and Asay's mother addressed the court at sentencing, indicate that the judge did not consider anything additionally presented on behalf of Asay at that hearing.
Although the trial court's immediate sentencing may have been contrary to the procedural requirements of Spencer v. State, 615 So.2d 688, 690-91 (Fla.1993), this Court decided Spencer five years after Asay's trial and two years after this Court's decision on direct appeal. This Court has stated that Spencer is prospective only. See Layman v. State, 652 So.2d 373, 375 n. 5 (Fla.1995). Thus, we conclude that appellate counsel was not ineffective for failing to raise this issue on appeal. We further conclude that no prejudice has been shown on this issue because the comments of trial counsel and Asay's mother, even if construed as mitigating in nature, do not undermine our confidence in the death sentence imposed.
Asay further argues that the trial court's failure to find and weigh the existence of mitigation established by the evidence constituted fundamental error,[10] and that appellate counsel's failure to raise this claim on appeal constituted ineffective assistance of counsel. The mitigation presented during the penalty phase that Asay asserts the trial court failed to consider is summarized by Asay in his petition as follows:
[T]hat he was affectionate toward and protective of his family, that he assisted his family financially, that he had been gainfully employed prior to this offense, that he was good with and kind to children, that he remodeled his mother's house for her, that he helped with fellow inmates in the jail to the point of giving them the clothes off his back, that he had rehabilitation potential, that he received his GED while in prison, and that he was under the influence of alcohol at the time of the crime.
Although Asay asserts that this evidence was uncontroverted and unimpeached, the trial court's order does not refer to this mitigation. The trial court's sentencing order discusses and finds only one mitigatorage at the time of the crime.
"When addressing mitigating circumstances, the sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant...." Campbell v. State, 571 So.2d 415, 419 (Fla.1990), receded from on other grounds by Trease v. State, 768 *992 So.2d 1050, 1055 (Fla.2000). Even assuming any deficiency in not raising as an issue on appeal the failure of the trial court to find mitigation, we conclude that the deficiency did not "compromise [ ] the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result." Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985). Given the strong aggravation, and the nature and quality of this additional mitigation, we conclude that any error in failing to evaluate this mitigation did not amount to fundamental error. Cf. Miller v. State, 770 So.2d 1144, 1150 (Fla.2000) (holding that the error in failing to find and give weight to long-term alcohol and substance abuse was harmless given weighty aggravating factors of prior violent felony and murder committed during robbery).
Asay makes two additional arguments asserting impermissible prosecutorial argument. First, Asay argues that the prosecutor's alleged improper arguments during penalty phase closing argument limited the jury from considering valid mitigation.[11] However, no objection was raised to the arguments that Asay now claims were improper. Nonetheless, appellate counsel did raise as error certain portions of the prosecutor's penalty phase argument that likewise were not preserved for appeal by contemporaneous objection, and we summarily rejected those claims. See Asay, 580 So.2d at 612 n. 1. We conclude that Asay's appellate counsel was not deficient in failing to raise additional challenges to comments made by the prosecutor on direct appeal that were not objected to by trial counsel.
Asay's second assertion of improper prosecutorial argument is the "prosecutor's overbroad argument regarding statutory aggravation and his insistence that the jury consider impermissible non-statutory aggravation." This claim is insufficiently pled as Asay fails to phrase the argument as ineffective assistance of appellate counsel. See Freeman, 761 So.2d at 1069 ("The defendant has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based."). To the extent Asay seeks a second appeal on the merits, the claim is procedurally barred. See id. at 1070.

CCP INSTRUCTION
Asay's third issue is that the CCP instruction given was vague and overbroad as applied.[12] To the extent that Asay now attempts to raise this issue as ineffective assistance of counsel, we conclude that there was neither deficiency in failing to raise the issue on appeal nor prejudice. The trial court gave the following instruction:
The phrase cold, calculated and premeditated, refers to a higher degree of premeditation than that which is normally present in a premeditated murder. This factor is applicable when the facts showed a particularly lengthy period of reflection and thought by the perpetrator before the murder.
Asay requested that the following be used in place of the second sentence above:
This aggravating factor applies only when the facts show a particularly *993 lengthy, methodic, or involved series of atrocious events or a substantial period of reflection and thought by the perpetrator before the murder.
The trial court declined to give the requested instruction.
A CCP instruction must include language that makes it clear to the jury that CCP is an enhanced form of premeditation that is different than the premeditation found in first-degree murder. See Jackson v. State, 648 So.2d 85, 88-89 (Fla. 1994). The instruction as given satisfies this requirement. Thus, Asay's claim lacks merit, and appellate counsel cannot be deemed ineffective for failing to raise nonmeritorious issues on appeal. See Rutherford, 774 So.2d at 643.

BURDEN SHIFTING INSTRUCTION
Asay's fourth issue is that the standard instruction on weighing mitigation and aggravation given by the trial court suggested that the mitigators had to outweigh the aggravators, and thus shifted the burden to the defendant to prove that a life sentence was appropriate.[13] Asay raised no objection at trial. To the extent that Asay attempts to raise this issue as ineffective assistance of counsel, we deny relief. This Court has repeatedly rejected the argument that the standard instruction shifted the burden to the defense. See, e.g., San Martin v. State, 705 So.2d 1337, 1350 (Fla.1997); Shellito v. State, 701 So.2d 837, 842 (Fla.1997). Thus, Asay's claim lacks merit, and appellate counsel cannot be deemed ineffective for failing to raise nonmeritorious issues on appeal. See Rutherford, 774 So.2d at 643. Similarly, Asay's claim that appellate counsel was ineffective for not raising the issue that the prosecutor's question during voir dire allegedly exacerbated the jury's impression that the burden was on the defendant must also fail. Asay did not object to the question at trial. In the absence of fundamental error, appellate counsel cannot be deemed ineffective for failing to raise an unpreserved claim. See Bertolotti, 514 So.2d at 1097. Consequently, appellate counsel's failure to argue the impropriety of this voir dire question did not amount to ineffective assistance. See Wilson, 474 So.2d at 1163.

CONSTITUTIONALITY OF CAPITAL SENTENCING STATUTE
Finally, Asay claims that Florida's capital sentencing statute is unconstitutionally vague and overbroad on its face, and that the invalidity was not cured by specific instructions.[14] This Court previously has rejected this claim. See Castro v. State, 644 So.2d 987, 991 (Fla.1994).
The petition for writ of habeas corpus is denied.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The trial court found the following two aggravators for both murders: (1) the murder was committed by a person under sentence of imprisonment because Asay was on parole; and (2) Asay had been previously convicted of a capital felony based on the contemporaneous murder conviction. See Asay, 580 So.2d at 612. In connection with the McDowell murder, the court found a third aggravating circumstancethat the murder was committed in a cold, calculated, and premeditated manner without any pretense of any moral or legal justification ("CCP").
[2] In mitigation, the trial court considered Asay's age of twenty-three at the time of the murders, but did not weigh this factor "very heavily as the Defendant has had extensive prior contact with the criminal justice system." Asay v. State, 769 So.2d 974, 977 n. 2 (Fla.2000).
[3] On direct appeal, Asay raised seven claims: (1) the trial court erred in failing to grant Asay's motion for judgment of acquittal for the murder of Booker because the State failed to establish premeditation; (2) the trial court erred in finding CCP with regard to the McDowell murder; (3) the death sentences were disproportionate; (4) the trial court erred by allowing racial prejudice to be injected into the trial; (5) the trial court erred in failing to advise Asay of his right to represent himself and to conduct an inquiry when Asay asked to discharge court-appointed counsel; (6) the trial court erred in denying Asay's motion for a continuance prior to the penalty phase to enable him to secure additional mitigation witnesses; and (7) the prosecution improperly diminished the jury's role in sentencing. See Asay, 580 So.2d at 612 n. 1, 613-14.
[4] These claims were: (1) state agencies withheld public records; (2) the judge presiding over the trial was biased and trial counsel was ineffective for failing to seek to disqualify him; (3) the original trial judge should have recused himself from presiding over the postconviction proceedings because he was biased; (4) trial counsel was ineffective during the guilt phase; (5) the jury instructions for the CCP aggravator failed to limit the jury's consideration and it was not supported by the evidence; (6) the CCP jury instruction was unconstitutional and counsel was ineffective for failing to object; (7) Florida's sentencing scheme is unconstitutional; (8) aggravating circumstances were overbroadly argued by the State; (9) the trial judge erred in failing to find mitigation present in the record; (10) the penalty phase jury instructions shifted the burden of proof to the defendant; (11) the prosecutor's inflammatory comments rendered Asay's trial fundamentally unfair; (12) Asay was denied his right to an adequate mental health evaluation under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); (13) ineffective assistance in the penalty phase; (14) the denial of Asay's motion for a continuance before the penalty phase to secure additional mitigation witnesses denied him due process and rendered counsel ineffective; (15) the trial court prevented Asay from presenting mitigation evidence in violation of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); (16) Asay's guilt phase counsel was ineffective for failing to present a voluntary intoxication defense; (17) the prosecutor improperly stated that sympathy could not be considered by the jury; (18) the jury instructions unconstitutionally diluted the jury's sense of sentencing responsibility and counsel was ineffective for failing to ensure that the jury received adequate instructions; (19) prosecutorial misconduct rendered Asay's conviction unreliable; and (20) Asay's trial court proceedings were fraught with errors that could not be considered harmless when considered as a whole. See Asay, 769 So.2d at 978 n. 5.
[5] Huff v. State, 622 So.2d 982 (Fla. 1993).
[6] The parties stipulated that Asay's public records claim (1) was moot. The trial court had already denied Asay's motion for recusal and accordingly denied claim (3) in which Asay alleged that the judge was biased and should not preside over the postconviction proceedings. The trial court denied the following claims as procedurally barred because they already had been raised on direct appeal and conclusory ineffectiveness claims could not be used to obtain a second appeal: (11) the prosecutor's inflammatory racial comments; (14) the trial court's denial of Asay's motion for a continuance to secure additional mitigation witnesses; (15) the trial court prevented Asay from presenting mitigation evidence; (18) the jury instructions unconstitutionally diluted the jury's sense of sentencing responsibility. The trial court denied the following claims as procedurally barred because they should have been raised on direct appeal: (2) judicial bias during trial; (5) the CCP jury instructions were improper; (6) the CCP jury instructions were unconstitutional; (7) constitutionality of the sentencing scheme; (8) overbroad argument concerning aggravators; (9) trial court's failure to find mitigation in the record; and (17) the prosecutor improperly stated that sympathy could not be considered by the jury. The trial court found that claim (10) alleged ineffectiveness of appellate counsel, which should be raised in a petition for habeas corpus. The trial court denied the following claims as insufficient because they did not allege sufficient facts upon which to base relief: (12) the defendant had been denied his right to a mental health evaluation; (19) prosecutorial misconduct; (20) cumulative error.
[7] These issues and subclaims were: (1) judicial bias during the trial and postconviction proceedings resulted in a denial of "a fair and impartial tribunal throughout his proceedings in violation of his due process rights;" (2) the trial court improperly limited the scope of the evidentiary hearing by (a) limiting the testimony of some of Asay's siblings concerning mitigating evidence not presented during the sentencing phase; (b) limiting the scope of Asay's examination of his trial counsel regarding his knowledge of prior inconsistent statements of key witnesses; and (c) refusing to hear the testimony of Thomas Gross recanting his trial testimony; (3) ineffectiveness of counsel during the guilt phase for (a) failing to adequately impeach the State's key witnesses, (b) for failing to present a voluntary intoxication defense, and (c) for failing to rebut the State's arguments that he committed the crime due to his racial animus; (4) ineffectiveness of counsel during the penalty phase for (a) failing to investigate and present statutory mitigating evidence that he was acting under extreme emotional distress and his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, and (b) failing to present nonstatutory mitigating evidence of physical and emotional abuse and poverty during his childhood, alcohol abuse and his history of "huffing" inhalants; (5) the trial court improperly summarily denied several claims; (6) cumulative error.
[8] These issues are: (1) ineffective assistance of appellate counsel in failing to argue on appeal that Asay was absent during critical stages of the proceedings; (2) Asay's death sentences are unconstitutional because Asay was impermissibly limited from presenting mitigation, the trial court failed to consider and weigh mitigation, and the prosecutor made impermissible arguments regarding aggravation; (3) ineffective assistance of appellate counsel for failing to raise on appeal the trial court's failure to give a requested instruction on CCP; (4) ineffective assistance of appellate counsel for failing to raise on appeal penalty phase instructions that improperly shifted the burden of proof regarding the appropriateness of a life sentence; and (5) the unconstitutionality of Florida's capital sentencing statute and instructions given pursuant thereto.
[9] Asay relies on Coney v. State, 653 So.2d 1009 (Fla. 1995), in which this Court "expanded" its analysis from Francis and "held for the first time that a defendant has a right under rule 3.180 to be physically present at the immediate site where challenges are exercised." Boyett v. State, 688 So.2d 308, 309-10 (Fla. 1996). However, Asay's trial and appeal predate Coney, and this Court never retroactively applied Coney. Moreover, Coney has now been superseded by amendments to rule 3.180 of the Florida Rules of Criminal Procedure.
[10] On appeal of the denial of Asay's 3.850 motion, this Court denied relief on this claim, stating that "although [it was] not raised on direct appeal, [it] could have been." Asay, 769 So.2d at 989.
[11] On appeal of the denial of Asay's 3.850 motion, this Court denied relief on this claim, stating that "although [it was] not raised on direct appeal, [it] could have been." Asay, 769 So.2d at 989.
[12] On appeal of the denial of Asay's 3.850 motion, this Court denied relief on this claim, stating that "although [it was] not raised on direct appeal, [it] could have been." Asay, 769 So.2d at 989.
[13] On appeal of the denial of Asay's 3.850 motion, this Court denied relief on this claim, stating that "although [it was] not raised on direct appeal, [it] could have been." Asay, 769 So.2d at 989.
[14] On appeal of the denial of Asay's 3.850 motion, this Court denied relief on this claim, stating that "although [it was] not raised on direct appeal, [it] could have been." Asay, 769 So.2d at 989.